UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61572-WPD

CAMBRIDGE RETIREMENT SYSTEM,
Individually and on behalf of all others
similarly situated,

        Plaintiff,

v.

MEDNAX, INC., ROGER J. MEDEL, VIVIAN
LOPEZ-BLANCO, and CHARLES W. LYNCH

        Defendants.

# FINAL ORDER GRANTING MOTION TO DISMISS
# SECOND AMENDED COMPLAINT

THIS CAUSE is before the Court on Defendants MEDNAX, Inc. ("MEDNAX" or the "Company"), Roger J. Medel, M.D. ("Medel"), Vivian Lopez-Blanco ("Lopez-Blanco"), and Charles W. Lynch ("Lynch," collectively with Medel and Lopez-Blanco, the "Individual Defendants") (collectively, "Defendants")'s Motion to Dismiss Second Amended Complaint [DE 76] (the "Motion"). The Court has carefully considered the Motion, Lead Plaintiff Northern Ireland Local Government Officers' Superannuation Committee ("NILGOSC")'s Response [DE 79], Defendants' Reply [DE 80], and is otherwise fully advised in the premises.

    **I.**    **Background**[1]

This is a federal securities action against MEDNAX, Medel, Lopez-Blanco, and Lynch, for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Defendant MEDNAX is a health care

---

[1] The facts in this section are taken from the Second Amended Complaint [DE 74].

1

administration company that acquires and administers physician practice groups. ¶ 2.  Plaintiffs allege that during the July 28, 2016 to July 28, 2017 Class Period, Defendants engaged in a fraudulent scheme to artificially inflate MEDNAX's stock price by making false statements indicating that MEDNAX's business model of acquiring new practices and entering into employment contracts with prospective anesthesiologists was successful and sustainable, whereas, in fact, unbeknownst to investors, troubles were plaguing the business model since at least July 28, 2016, as adverse trends were undermining the economics of acquiring new anesthesiology practices, and the number of acquisition opportunities was dwindling amid the Company's deteriorating reputation among anesthesiologists. ¶¶ 1, 11, 43, 81.

The instant action was filed on July 10, 2018. *See* [DE 1].  NILGOSC was appointed to serve as Lead Plaintiff by Order of this Court dated December 21, 2018. [DE 47].   Lead Plaintiff filed a First Amended Complaint on March 8, 2019. *See* [DE 53].  Defendants responded with a Motion to Dismiss. *See* [DE 62].  Following full briefing of the Motion and careful consideration by the Court, the Court entered an Order Granting Motion to Dismiss First Amended Complaint on October 3, 2019. *See* [DE 69] (the "Dismissal Order").

In the thorough Dismissal Order, the Court applied the federal notice pleading requirements, the special fraud pleading requirements, and the PSLRA pleading requirements to state a claim for securities fraud under Section 10(b) of the Act and Rule 10b–5 to the factual allegations set forth in the First Amended Complaint.  *See* [DE 69].  As to Count I, alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5 against all Defendants, the Court held that Plaintiff failed to plead sufficient facts to establish the elements of a material misrepresentation or omission and a strong inference of scienter, both of which are necessary elements to state a claim for securities fraud. *See id.*  Based upon the disposition of Count I, the Court also dismissed Count II for violations of Section 20(a) of the Exchange Act against the

Individual Defendants. *See id.* The Court concluded in its Dismissal Order that, "[w]hile it does not appear that Plaintiff can overcome the deficiencies identified in the First Amended Complaint, in an abundance of caution, the Court will allow Plaintiff to file a Second Amended Complaint in accordance with the rulings herein on or before October 16, 2019." *See* [DE 69] at p. 36.

Lead Plaintiff filed a Second Amended Complaint on October 25, 2019. *See* [DE 74]. Defendants have again moved to dismiss the complaint in its entirety. *See* [DE 76]. Defendants argue that, because the Second Amended Complaint adds no new factual allegations to the First Amended Complaint, which this Court dismissed on multiple independent grounds in its October 3, 2019 Order, the Second Amended Complaint should be dismissed for the same reasons. After a careful review, the Court agrees. While the Second Amended Complaint has rearranged, reformatted, and altered which allegations are emphasized and repeated throughout the pleading, Plaintiff has failed in this iteration of its pleading to set forth new factual allegations sufficient to overcome the deficiencies that the Court found to be fatal in this case on multiple independent grounds. *See* Dismissal Order [DE 69].

As to the first element required to state a claim for securities fraud under Section 10(b) of the Act and Rule 10b–5, that of a material misrepresentation or omission, *see Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1352 (11th Cir. 2008), the Second Amended Complaint, like the prior version, fails to allege actionable statements as a matter of law because they are statements of corporate optimism and puffery, *see In re: Altisource Portfolio Sols., S.A. Sec. Litig.*, No. 14-cv-81156-WPD, 2015 WL 12001262, at *10 (S.D. Fla. Sept. 4, 2015); *Henningsen v. ADT Corp.*, 161 F. Supp. 3d 1161, 1192-96 (S.D. Fla. 2015), *aff'd sub nom. IBEW Local 595 Pension & Money Purchase Pension Plans v. ADT Corp.*, 660 F. App'x 850 (11th Cir. 2016); *Mogensen v. Body Cent. Corp.*, 15 F. Supp. 3d 1191, 1212–13 (M.D. Fla. 2014), and they

also are forward-looking statements protected by the PSLRA's safe harbor, *see* 15 U.S.C. § 78u-5; *Harris v. Ivax Corp.*, 182 F.3d 799, 803-07 (11th Cir.1999); *In re KLX, Inc. Sec. Litig.*, 232 F. Supp. 3d 1269, 1280 (S.D. Fla. 2017); *In re Columbia Labs., Inc. Sec. Litig.*, 144 F. Supp. 2d 1362, 1368 (S.D. Fla. 2001).  Moreover, the Court finds that Plaintiff has again failed to allege sufficient factual allegations pursuant to Rule 9(b) and the PSLRA's heightened pleading requirements showing that any statement was false or misleading at the time it was made. *See FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296, 1305 (11th Cir. 2011); *In re Royal Caribbean Cruises Ltd. Sec. Litig.*, No. 1:11-22855-CIV, 2013 WL 3295951, at *11 (S.D. Fla. Apr. 19, 2013).

With regard to the second element necessary to state a claim for securities fraud under Section 10(b) of the Act and Rule 10b–5, that the material misrepresentation or omission was made with scienter, *see Instituto De Prevision Militar*, 546 F.3d at 1352, the Court finds that the Second Amended Complaint again fails to "plead with particularity facts giving rise to a strong inference that the defendants either intended to defraud investors or were severely reckless when they made the alleged materially false or incomplete statements." *See* 15 U.S.C. § 78u–4(b)(2); *Mizzaro v. Home Depot, Inc*., 544 F.3d 1230, 1238 (11th Cir. 2008).

Accordingly, the Court will dismiss the Count I of the Second Amended Complaint, alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5, for failure to plead sufficient facts under the relevant pleading standards for a securities fraud case to establish the independent required elements of a material misrepresentation or omission and a strong inference of scienter.  Further, because Plaintiff again fails to plead a primary violation under Section 10(b) or Rule 10b–5 of the Exchange Act, the Section 20(a) controlling persons claim alleged in Count II must also be dismissed. *See Theoharous v. Fong*, 256 F.3d 1219, 1227 (11th Cir. 2001).

Finally, as Plaintiff has had multiple opportunities to attempt to plead its claims in this action, this dismissal shall be with prejudice.

### IV.     Conclusion

Accordingly, as Plaintiff has failed to overcome the deficiencies that resulted in the Court's dismissal of the First Amended Complaint on multiple independent grounds, the Second Amended Complaint is also subject to dismissal.  Therefore, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Second Amended Complaint [DE 76] is **GRANTED**;
2. This case is **DISMISSED WITH PREJUDICE**;
3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 7th day of February, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record